Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| TRANSPORTE RODRÍGUEZ ASFALTO, INC.<br><br>Recurrente<br><br>v.<br><br>JUNTA DE SUBASTAS DEL MUNICIPIO AUTÓNOMO DE LAS MARÍAS; A&M SOLUTIONS, LLC.<br><br>Recurridos | TA2026RA00299 | REVISIÓN JUDICIAL procedente de la Junta de Subastas, Secretaría Municipal de Las Marías<br><br>Subasta General Número 6, 2025-2026; Subasta General 2027 Renglón #7 Compra de Asfalto, Regado y Compacto<br><br>Sobre: Impugnación de Subasta |

Panel integrado por su presidente el juez Hernández Sánchez, el juez Rivera Torres y el juez Marrero Guerrero

**Rivera Torres, Juez Ponente**

**SENTENCIA**

En San Juan, Puerto Rico, a 5 de junio de 2026.

Comparece ante este tribunal apelativo, Transporte Rodríguez Asfalto, Inc. (TRA o parte recurrente) mediante el *Recurso de Revisión Judicial* de epígrafe solicitándonos que dejemos sin efecto el *Notificación de No Adjudicación de Subasta Formal Número 6 Serie 2025-2026, Subasta General 2026-2027 Renglón #7,* emitida y notificada por la Junta de Subasta del Municipio Autónomo de Las Marías (Junta) el 20 de mayo de 2026. Mediante este dictamen, la Junta le adjudicó la Subasta General 2027, Reglón #7 sobre *Compra de Asfalto, Regado y Compacto* a A&M Solutions, LLC. (A&M Solutions).

Por los fundamentos que expondremos a continuación, se desestima el recurso de epígrafe ante su presentación prematura.

## I.

El 19 de marzo de 2026, el municipio de Las Marías publicó Aviso de Subasta para la adjudicación de la *Subasta Formal Número 6 Serie 2025-2026, Subasta General 2026-2027 Renglón #7*, para la compra de asfalto, regado y compacto.

El 8 de abril de 2026 la Junta de Subasta del municipio de Las Marías celebró la referida subasta en la que participaron solo dos compañías, a saber: Transporte Rodríguez Asfalto, Inc. y A&M Solutions, LLC. El 12 de mayo de 2026 la Junta se reunió para proceder con la evaluación de las propuestas recibidas en este renglón.

El 20 de mayo de 2026 la Junta de Subasta del municipio de Las Marías emitió escrito intitulado *Notificación de No Adjudicación de Subasta Formal Número 6 Serie 2025-2026, Subasta General 2026-2027 Renglón #7*. En esta determinó lo siguiente:

> El 8 de abril de 2026 la Hon. Municipio de Las Marías celebro la subasta antes mencionada en Centro de Bellas Artes. El 12 de mayo de 2026 la junta se reúne para comenzar con la evaluación de las propuestas recibidas para este renglón. Las propuestas recibidas por las diferentes compañías fueron las siguientes:
>
> 1. Transporte Rodríguez Asfalto, Inc.
> 2. A&M Solutions, LLC.
>
> Los factores principales tomadas en consideración en la adjudicación de la subasta son:
>
> 1. Precios bajos
> 2. Ofertas favorables
>
> Los pliegos sometidos por las diferentes compañías fueron abiertos el **8 de abril de 2026**, durante la celebración y ante la Honorable Junta de Subasta. Los mismos fueron evaluados el 12 de mayo de 2026. Cuidando los mejores intereses y sana administración para el Municipio de Las Marías, la junta, [sic] ha determinado adjudicar la buena pro a la **compañía A&M Solutions, LLC**. Siendo esta la que garantiza los mejores precios a beneficio de la administración municipal.
>
> La subasta fue efectuada conforme a los pliegos sometidos el 8 de abril de 2026. De no estar de acuerdo, en el Código Municipal de Puerto Rico[,] según enmendado, Capítulo V[,] Artículo 2.040 Inciso a. [*sic*] "Toda tu adjudicación tendrá que ser notificada a cada uno de los Licitadores, apercibiéndolos del término jurisdiccional de diez (10) días para solicitar revisión

judicial de la adjudicación ante el Tribunal de Apelaciones[,] de conformidad con el artículo 1.050 de este código."[1] [Énfasis en original]

Inconforme con la adjudicación de la subasta, el 3 de junio de 2026, TRA presentó el recurso de revisión que nos ocupa señalando que la Junta incurrió en el siguiente error:

> ERRÓ LA JUNTA DE SUBASTAS [*sic*] DEL MUNICIPIO DE LAS MARÍAS AL EMITIR UNA NOTIFICACIÓN DE ADJUDICACIÓN DE SUBASTA DEFECTUOSA, AL NO INCLUIR CORRECTAMENTE EL DERECHO A REVISIÓN JUDICIAL, LA CUAL INCUMPLE CON LAS LEYES Y JURISPRUDENCIA APLICABLE; PRIVANDO DE JURISDICCIÓN, AL TRIBUNAL REVISOR Y VIOLENTANDO EL DEBIDO PROCESO DE LEY DEL RECURRENTE.

Examinado el recurso y el expediente apelativo, prescindimos de la comparecencia de la parte recurrida, según nos faculta la Regla 7(B)(5) de nuestro Reglamento, según enmendado, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 15, 215 DPR ___, (2025).

## II.

**La Jurisdicción**

Los tribunales debemos ser celosos guardianes de nuestra jurisdicción, estando obligados a considerarla aun en ausencia de algún señalamiento al respecto de las partes. La razón para ello es que la jurisdicción delimita la potestad o facultad que los tribunales poseemos para atender una controversia ante nuestra consideración. Tal asunto debe ser resuelto con preferencia porque de carecer de jurisdicción para atenderlo, lo único que corresponde hacer es así manifestarlo. *Constructora Estelar v. Aut. Edif. Púb.*, 183 DPR 1, 22 (2011); *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 883 (2007). El no tener la potestad para atender un asunto no

---

[1] Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC TA), Entrada núm. 1, Anejo, *Notificación de No Adjudicación de Subasta Formal Número 6 Serie 2025-2026, Subasta General 2026-2027 Renglón #7.*

puede ser corregido ni atribuido por el tribunal. *Constructora Estelar, S.E. v. Aut. Edificios Púb.,* supra.

En aquellas instancias en las que un ente adjudicador dicta una sentencia, sin ostentar jurisdicción en la persona o en la materia, su determinación es "jurídicamente inexistente." *Maldonado v. Junta Planificación,* 171 DPR 46, 55 (2007). De ahí que, cuando un foro adjudica un recurso sobre el cual carece de jurisdicción para entender en este, ello constituye una actuación ilegítima, disponiéndose que cuando la ley expresamente proscribe asumir jurisdicción, no existe una interpretación contraria. *Íd.*

De otro lado, un tribunal carece de jurisdicción para adjudicar una controversia cuando se presenta un recurso de forma prematura. Un recurso prematuro es aquel presentado en la secretaría de un tribunal antes de que el asunto esté listo para su adjudicación. De tal forma, un recurso prematuro, al igual que uno tardío, adolece del grave e insubsanable defecto de falta de jurisdicción y tiene que ser desestimado. *Padilla Falú v. A.V.P.*, 155 DPR 183, 192 (2001); *Rodríguez v. Zegarra*, 150 DPR 649, 654 (2000). Su presentación carece de falta de eficacia y no produce ningún efecto jurídico, pues en el momento de su presentación un foro apelativo no tiene autoridad judicial para acogerlo; menos para conservarlo con el propósito de luego reactivarlo en virtud de una moción informativa. *Juliá et al v. Epifanio Vidal, S. E.*, 153 DPR 357, 366 (2001).

Como corolario de lo antes expuesto, el Reglamento del Tribunal de Apelaciones en la Regla 83, *supra*, dispone lo siguiente:

> (B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:
>
> (1)    que el Tribunal de Apelaciones carece de jurisdicción;
>
> (…)
>
> (C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un

auto discrecional por cualesquiera de los motivos consignados en el inciso (B) precedente.

## Procedimiento de Pública Subasta y Notificación de Adjudicación

El procedimiento de pública subasta es uno de suma importancia y está revestido del más alto interés público en pos de promover la inversión adecuada, responsable y eficiente de los recursos del Estado. *Maranello, Inv. v. Oficina de Administración de los Tribunales*, 186 DPR 780, 793 (2012); *Autoridad de Carreteras y Transportación v. CD Builders, Inc.,* 177 DPR 398, 404 (2009); *Empresas Toledo v. Junta de Subastas*, 168 DPR 771, 778-779 (2006). Como la adjudicación de las subastas gubernamentales conlleva el desembolso de fondos del erario, "la consideración primordial al momento de determinar quién debe resultar favorecido en el proceso de adjudicación de subastas debe ser el interés público en proteger los fondos del pueblo de Puerto Rico". *Cordero Vélez v. Municipio de Guánica*, 170 DPR 237, 245 (2007). A su vez, las subastas gubernamentales tienen como objetivo el establecer un esquema que asegure la competencia equitativa entre los licitadores, evitar la corrupción y minimizar los riesgos de incumplimiento. *Aluma Constr. Corp. v. De Acueductos Alcantarillados*, 182 DPR 776, 783 (2011); *Autoridad de Carreteras y Transportación v. CD Builders, Inc.*, supra.

Así pues, el Tribunal Supremo ha reiterado que el propósito de regular la realización de obras y la contratación de servicios para el Gobierno, mediante los sistemas de subastas es proteger los intereses y dineros del pueblo al promover la competencia para lograr los precios más bajos posibles, evitar el favoritismo, la corrupción, el dispendio, la prevaricación, la extravagancia y el descuido al otorgar los contratos y minimizar los riesgos de incumplimiento. *Perfect Cleaning v. Cardiovascular*, 162 DPR 745 (2004); *RBR Const., S.E. v. A.C.*, 149 DPR 836, 849 (1999); *Mar-Mol,*

*Co. v. Adm. Servicios Gens.*, 126 DPR 864 (1990). Por lo tanto, los tribunales tienen el deber de asegurarse de que las instrumentalidades públicas cumplen con la ley, con sus propios procedimientos y que tratan de forma justa a los licitadores al momento de adjudicar una subasta. *RBR Const., S.E. v. A.C., supra,* a la pág. 856.

Particularmente, el requerimiento de propuestas que adjudique una junta de subastas municipal está preceptuada por la Ley núm. 107-2020, según enmendada, intitulada *Código Municipal de Puerto Rico,* 21 LPRA sec. 7001*, et seq.* (Ley núm. 107-2020). Específicamente, el Artículo 2.040 de la referida ley, 21 LPRA sec. 7216, establece que la Junta de Subastas adjudicará todas las subastas que se requieran por ley, ordenanza o reglamento. Asimismo, dicha disposición en su inciso (a) exige que se cumplan con ciertos criterios de adjudicación, entre estos, que las propuestas sean conforme a las especificaciones, los términos de entrega, la habilidad del postor para realizar y cumplir con el contrato, la responsabilidad económica del licitador, su reputación e integridad comercial, la calidad del equipo, producto o servicio y cualesquiera otras condiciones que se hayan incluido en el pliego de subasta. *Íd.* Además, puntualiza que la Junta de Subastas tiene el deber de notificarle a todos los licitadores no agraciados las razones por la cuales no se le adjudicó la subasta. *Íd.*

De igual forma, la precitada Ley en su Artículo 1.050, *supra,* establece la obligación de acreditar en las notificaciones de adjudicación de subasta el derecho de las partes afectadas de acudir ante el Tribunal de Apelaciones para la revisión judicial. Ante ello, expone que se tiene que incluir el término para apelar la decisión, fecha de archivo en auto de la copia de la notificación y **a partir de qué fecha comenzará a transcurrir el término**.

Por otra parte, los tribunales reconocemos la discreción de las juntas de subastas, "al momento de considerar las licitaciones, rechazar propuestas y adjudicar la subasta a favor de la licitación que estime se ajusta mejor a las necesidades particulares de la agencia y al interés público en general". *CD Builders v. Mun. Las Piedras,* 196 DPR 336, 348-349. Esta discreción les permite a las agencias adjudicar la subasta al postor que consideren más apropiado, aun cuando no sea el más bajo, si con ello se sirve al interés público. *Caribbean Communications v. Pol. de PR,* 176 DPR 978, 1007 (2009). No obstante, los procedimientos de subastas son procedimientos con ciertas características adjudicativas, por eso, una vez se ha tomado la decisión administrativa, la parte adversamente afectada tiene derecho a solicitar la revisión judicial. *L.P.C. & D., Inc. v. A.C.,* 149 DPR 869, 877 (1999).

En lo pertinente a la notificación de adjudicación de la subasta, la jurisprudencia dispone que se debe incluir lo siguiente: **(1) los nombres de los licitadores en la subasta y una síntesis de sus propuestas; (2) los factores o criterios que se tomaron en cuenta para adjudicar la subasta; (3) los defectos, si alguno, que tuvieran las propuestas de los licitadores perdidosos; y (4) la disponibilidad y el plazo para solicitar la reconsideración y la revisión judicial.** *Pta. Arenas Concrete, Inc. v. J. Subastas,* 153 DPR 733, 743-744 (2001). **Cuando se incumple con estos requisitos, la notificación no es válida**. *Íd.* **El requerimiento de que se incluyan los fundamentos en la notificación asegura que los tribunales podamos revisar esos fundamentos para determinar si la decisión fue arbitraria, caprichosa o irrazonable.** *Junta Dir. Portofino v. P.D.C.M.,* 173 DPR 455, 467 (2008).

A su vez, el Capítulo VIII Parte II sección 13 del Reglamento Núm. 8873, también conocido como *Reglamento Para la Administración Municipal de 2016* establece los requisitos de

contenido de una notificación de adjudicación de subasta municipal. La referida sección establece lo siguiente:

(…)

(2) La decisión final de la Junta se notificará por escrito y por correo certificado con acuse de recibo, a todos los licitadores que participaron en la subasta y será firmada por el Presidente de la Junta. No se adelantará a licitador alguno, información oficial sobre los resultados de la adjudicación, hasta tanto la Junta le haya impartido su aprobación final.

(3) La notificación de adjudicación o la determinación final de la Junta, que se enviará a todos los licitadores que participaron en la subasta, debe contener la siguiente información:

a) nombre de los licitadores;

**b) síntesis de las propuestas sometidas;**

**c) factores o criterios que se tomaron en cuenta para adjudicar la subasta y razones para no adjudicar a los licitadores perdidosos;**

**d) derecho a solicitar revisión judicial de la adjudicación o acuerdo final, ante el Tribunal de Apelaciones, dentro del término jurisdiccional de diez días (10) contados desde el depósito en el correo de la notificación de adjudicación.**

**e) fecha de archivo en auto de la copia de la notificación y la fecha a partir de la cual comenzará a trascurrir el término para impugnar la subasta ante el Tribunal de Apelaciones.** (Énfasis suplido).

Finalmente, el defecto de alguno de los requisitos señalados anteriormente convierte la notificación en una inadecuada. Por ende, una notificación que no se ajuste a las garantías procesales mínimas, antes señaladas, convierte en ineficaz el derecho a la revisión judicial de la adjudicación. Este defecto produce que el término para acudir ante este tribunal, en solicitud de revisión judicial, no comience a decursar. *IM Winner, Inc. v. Mun. de Guayanilla,* supra, a la pág. 38 (2000).

**III.**

En síntesis, TRA señaló que la Junta de Subasta erró al emitir una notificación defectuosa de su faz y en violación al debido proceso de ley como licitador. Entre las omisiones más importantes

señaló que incurrió la Junta, se encuentra no incluir los precios y un resumen de las propuestas analizadas, así como defectos en la inclusión de los términos para ejercitar su derecho a revisión judicial ante el foro intermedio.

En este sentido, es meritorio señalar que las cuestiones relativas a la jurisdicción del tribunal deben ser resueltas con preferencia porque de carecer de jurisdicción para atender el caso, lo único que corresponde hacer es así manifestarlo y desestimar el recurso. Por consiguiente, resolvemos que no tenemos jurisdicción para atender la controversia ante nuestra consideración. Ello, puesto que la notificación de la adjudicación de la subasta fue defectuosa y, por ende, el término de diez (10) días que dispone la ley para recurrir ante este foro apelativo, no ha comenzado a transcurrir. Nos explicamos.

Surge del derecho previamente expuesto que para que una notificación de adjudicación de subastas sea válida y adecuada debe contener lo siguiente: **(1) los nombres de los licitadores en la subasta y una síntesis de sus propuestas;** (2) los factores o criterios que se tomaron en cuenta para adjudicar la subasta; **(3) los defectos, si alguno, que tuvieran las propuestas de los licitadores perdidosos; y (4) la disponibilidad y el plazo para solicitar la reconsideración y la revisión judicial.** *Pta. Arenas Concrete, Inc. v. J. Subastas,* supra. No podemos olvidar que el derecho a cuestionar una resolución administrativa, mediante revisión judicial, proviene del derecho constitucional al debido proceso de ley; y por ello, es indispensable que las agencias cumplan cabalmente con el requisito de notificación adecuada. *Picorelli López v. Depto. de Hacienda,* 179 DPR 720, 736 (2010).

Adicional a ello, la Ley núm. 107-2020 en su Artículo 2.040 de en su inciso (a), supra, **puntualiza que la Junta de Subastas tiene el deber de notificarle a todos los licitadores no agraciados**

**las razones por la cuales no se le adjudicó la subasta**. A su vez, nuestro ordenamiento jurídico exige que al adjudicar la subasta al postor que no sea el más bajo, la agencia debe demostrar que su determinación es razonable por servir al mejor interés público. *Caribbean Communications v. Pol. de PR*, 176 DPR 978, 1007 (2009).

De otra parte, tanto el Reglamento Núm. 8873 en sus inciso (3)(d) y (e) del Capítulo VIII, Parte II, Sección 13, así como la Ley núm. 107-2020, en el Artículo 1.050, *supra*, establecen que la notificación de la adjudicación deberá contener el **derecho a solicitar revisión judicial ante el Tribunal de Apelaciones, dentro del término jurisdiccional de diez días (10) y la fecha a partir de la cual comenzará a trascurrir el término para impugnar la subasta ante el Tribunal de Apelaciones, contados desde el depósito en el correo de la notificación de adjudicación.**

A base de la antedicha normativa jurisprudencial y analizado el expediente ante nuestra consideración surge que en la *Notificación de No Adjudicación de Subasta Formal Número 6 Serie 2025-2026, Subasta General 2026-2027 Renglón #7* impugnada, la Junta no incluyó los precios ni el resumen de las propuestas recibidas y analizadas. Del documento solo surge que los factores principales que tomó en consideración para su decisión fueron "precios bajos y ofertas favorables." No obstante, la Junta falló en discutir adecuadamente estos criterios ya que en la notificación no se detallaron los precios ofertados por cada licitador. Lo que impide conocer como mínimo si la determinación, en principio, se ajusta a un mero cómputo matemático.

A su vez, la Junta omitió detallar los defectos o razones por las que TRA no resultó agraciado máxime cuando se hace referencia a que, con la determinación, cuida los mejores intereses y la sana administración para el municipio. Aún más importante, la Junta obvió indicar desde cuándo comienza a transcurrir el término

jurisdiccional de diez (10) días para recurrir en alzada ante el Tribunal de Apelaciones.

Acorde con lo anterior, no cabe duda de que dichas deficiencias sustantivas en la notificación impiden a los licitadores no beneficiados cuestionar la determinación. Además, se evita que ejerzamos adecuadamente nuestra función revisora.

Por tanto, resulta forzoso colegir que la notificación de adjudicación emitida por la Junta resulta ser inoficiosa al incumplir con varios elementos esenciales que la normativa regente y la jurisprudencia exigen. En este sentido, se le obstaculizó a TRA ejercer, de manera efectiva, su derecho a reconsiderar o impugnar la determinación de la Junta. Advertimos, además, que -por razón de la notificación defectuosa de adjudicación emitida por la Junta- el término de las partes desfavorecidas no ha comenzado a decursar. Por lo que, estamos obligados a desestimar el recurso ante nuestra consideración por falta de jurisdicción por prematuridad.

Finalmente, subrayamos que, una vez la Junta enmiende y notifique la adjudicación de la subasta en cumplimiento con las exigencias previamente explicadas, es que comenzará a transcurrir el término jurisdiccional que provee la Ley núm. 107-2020, *supra*, para que TRA como licitador no agraciado, si así lo entiende, presente su recurso de revisión ante esta *Curia*.

**IV.**

Por los fundamentos antes expuestos, desestimamos el recurso por falta de jurisdicción ante su presentación prematura.

Notifíquese inmediatamente.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones